An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRINX RESOURCES LTD., A NEVADA CORPORATION; KENNETH A. CABIANCA, AN INDIVIDUAL; AND GEORGIA KNIGHT, AN INDIVIDUAL, Petitioners,

vs.

THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE BRENT T. ADAMS, DISTRICT JUDGE, Respondents,

and

JEFFREY R. BECKETT, Real Party in Interest.

No. 66156

**FILED**

JUN 23 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This matter comes before the court on an original petition for a writ of mandamus challenging a district court's refusal to dismiss an action brought by an 11% shareholder against the petitioner corporation and various of its officers and directors requesting the appointment of a receiver and monetary damages. Generally, "judicial economy and sound judicial administration militate against the utilization of mandamus petitions to review orders denying motions to dismiss and motions for summary judgment." *State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 362, 662 P.2d 1338, 1340 (1983), *as modified by State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 147, 42 P.3d 233, 238 (2002); *accord Buckwalter v. Eighth Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010) ("Normally, this court will not entertain a writ petition

15-19176

challenging the denial of a motion to dismiss . . . ."). While we have, on occasion, departed from this rule, *see Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 122 Nev. 132, 142-43, 127 P.3d 1088, 1096 (2006), we are not persuaded it is appropriate to do so here, in the context of an order denying dismissal of a complaint presenting mixed common-law, corporate, and statutory receivership claims, the framing and resolution of which will benefit from further legal and factual development in the district court. We also note that an extraordinary writ of mandamus may only issue "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Petitioner has not established that an eventual direct appeal, whether from the final judgment or an order appointing a receiver if one is entered, *see* NRAP 3A(b)(4), does not afford an adequate legal remedy.

For these reasons, we ORDER the petition DENIED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Second Judicial District Court Department 6
Kolesar & Leatham, Chtd.
Dill, Dill, Carr, Stonbraker & Hutchings, P.C.
Williams, Williams, Rattner & Plunkett, P.C.
Maupin, Cox & LeGoy
Washoe District Court Clerk